Cumberland Valley Railroad Company *v.* The Harrisburg and Mechanicsburg Street Railway Company, Appellant.

*Equity—Injunction—Attachment.*

Where a street railway company has been directed by an injunction order to remove its tracks from across the right of way of a steam railroad company, the company enjoined cannot be heard, in attachment proceedings to enforce the order, to aver that its tracks were laid in the bed of a public highway, where that question was raised in the proceedings to obtain the injunction, and the injunction was based upon the finding of fact by the court that the street railway tracks were not laid in a public highway crossing the railway tracks.

Argued April 25, 1898.    Appeal, No. 300, Jan. T., 1897, by defendant, from decree of C. P. Cumberland Co., on petition for an attachment.    Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Petition for an attachment.

See the report of the case in 177 Pa. 155.

The petition was as follows:

The petition of the Cumberland Valley Railroad Company, the plaintiff above named, by its president, Thomas B. Kennedy, respectfully represents:

The plaintiff, in the bill filed in the above entitled cause, specially prayed the court, inter alia, by the commonwealth's writ of injunction to enjoin and restrain the Harrisburg and Mechanicsburg Electric Railway Company, the defendant above named, from entering upon the land, location and right of way of the plaintiff on the west bank of the Susquehanna river, in the township of East Pennsborough, in the county of Cumberland, for the purpose of constructing, maintaining and operating a street railway upon or across the same or any part thereof, and to command the said defendant to remove the piece of railway which has been laid down on the plaintiff's right of way at said point.

The above cause was so proceeded in your honorable court

that after hearing on bill, answer and proofs, to wit: on December 23, 1895, the injunction so asked for was refused.

Afterwards, however, on appeal by the said plaintiff to the Supreme Court of the commonwealth, it was decreed by the said Supreme Court, on October 6, 1896, as follows: "The decree dismissing the bill is accordingly reversed, and the perpetual injunction specially prayed for is now granted against the Harrisburg and Mechanicsburg Electric Railway Company, one of the defendants, with costs to be paid by the defendant, and as to the other defendant, the bill is dismissed;" and on January 18, 1897, it was further decreed by the said Supreme Court, as follows: "It is also ordered that the record be remitted to the court below for further proceedings in accordance with the opinion of this court."

The said record has been remitted to this court and is now here.

In pursuance of the said decree of the Supreme Court, on January 27, 1897, a writ of injunction issued out of your honorable court, directed to the said Harrisburg and Mechanicsburg Electric Railway Company, its officers, agents and employees, and each and every one of them, enjoining and commanding them perpetually and absolutely from entering upon the land, location and right of way of the plaintiff at the point or place where the route of the said Harrisburg and Mechanicsburg Electric Railway Company, above described, crosses the same in the township of East Pennsborough, in the county of Cumberland aforesaid, for the purpose of constructing, maintaining and operating a street railway upon or across the same, or any part thereof; and further commanded them to remove said piece of railway already laid down on the right of way of said plaintiff.

Said writ of injunction was duly served on January 28, 1897, on the Harrisburg and Mechanicsburg Electric Railway Company, the defendant above named, by producing the original writ, and handing a true and attested copy thereof to George W. Cumbler, the president, and F. H. Alleman, the general superintendent, of said company, and making known to them the contents thereof, as appears by the affidavit of B. K. Goodyear, deputy sheriff, duly filed and exhibited to the court herewith.

Notwithstanding the premises, the said defendant has failed

and refused to comply with the said decree of the court up to this time, and has entered, and continues to enter, upon the land, location and right of way of the plaintiff, at the point and place above described, and is maintaining and operating a street railway upon and across the same, and has not removed the said piece of railway laid down on the right of way of plaintiff.

George W. Cumbler is the president, and F. H. Alleman is the general superintendent of said Harrisburg and Mechanicsburg Electric Railway Company.

Wherefore, your petitioner prays your honorable court to award a writ of attachment against the persons of the said George W. Cumbler, president, and F. H. Alleman, general superintendent, as aforesaid, and against the persons of all officers, agents and employees of the said Harrisburg and Mechanicsburg Electric Railway Company, who may be disobeying the said decree and injunction, or who have heretofore disobeyed the same, for contempt, in failing to comply with such decree and injunction.

F. H. Alleman, on behalf of himself and George W. Cumbler, made answer as follows :

Neither he nor the said George W. Cumbler was a party defendant in the above stated bill in equity.

No order or decree was ever made in said case against them or either of them by the Supreme Court of Pennsylvania or by the court of common pleas of Cumberland county, nor was any injunction, perpetual or otherwise, issued by the said courts or by either of them, in the above stated case against them, the said George W. Cumbler and F. H. Alleman, or against either of them.

While the Supreme Court on October 5, 1896, made the following order: "The decree dismissing the bill is accordingly reversed, and the perpetual injunction specially prayed for is now granted against the Harrisburg and Mechanicsburg Electric Railway Company, one of the defendants," and, while on January 18, 1897, the Supreme Court made a further order as follows : "It is also ordered that the record be remitted to the court below for further proceedings in accordance with the opinion of this Court," yet no further order or decree has ever been made by either of said courts.

In interpreting the decrees of the said Supreme Court refer-

ence must be had to the complaints in the plaintiff's bill and of the invasion of its rights, prejudice, injury and damage apprehended to its property and to prevent which, relief was sought. Sections 4, 6, 9, 10 and 11 of the said bill as originally filed by the plaintiff, set forth in substance all the matters so complained of and the relief and redress sought to be obtained.

These sections are as follows : " 4. That portion of the route of said defendant's railway, as changed by the recited resolution, to wit, ' On the River Road in Wormleysburg beginning at a point on the route of said railway as originally laid out about two hundred and twenty-five feet north of the Cumberland Valley Railroad bridge, thence southwardly, passing under the Cumberland Valley Railroad bridge through the property of the Hummel estate to a point on road leading to New Cumberland (now vacated),' crosses the line, location and right of way of the Cumberland Valley Railroad Company on the west bank of the Susquehanna river in the township of East Pennsborough in the county of Cumberland. Your orator's railroad was originally located and built, and has been and still is maintained and operated upon and over the land upon and across which the said defendant's route is established, and upon which its railway will be constructed at the place of crossing your orator's railroad, as aforesaid, and your orator long since lawfully acquired and still holds the right of way and easement therein for its railroad.

"6. The said defendant in the exercise of its above pretended rights, threatens and proposes, without your orator's leave or consent and against your orator's express prohibition, at once to enter upon the land mentioned in the 4th paragraph of this bill wherein your orator holds the easement and right of way described in said paragraph and upon which your orator's railroad is constructed and located, and to construct thereon and across the line of your orator's railway such as is above described, and to maintain the same when constructed, and to operate the same by running thereon railway cars propelled by electric power. The said defendant, lately, to wit, on October 12, 1894, entered upon your orator's said location and laid down a detached piece of its railway on the same, notwithstanding that your orator had previously, to wit, on October 11, 1894, notified the defendant of your orator's right

to the said location and right of way and was not to enter thereupon to construct said railway.

"9. The right of said defendant's railway where it crosses the location and right of way of your orator as aforesaid, is not located upon any street, road or highway: and said railway, if built, will not be laid and constructed across your orator's location at the point aforesaid on a street, road or highway, but wholly on private property. And other large portions of the route of said railway are not located upon any street, highway or road.

"10. It has been and is the purpose of your orator to remove the present approaches to the said bridge over the Susquehanna river on the west side consisting of oak and iron lattice deck girders, and make in lieu thereof an approach by embankment of earth, and your orator avers that if the defendant's railroad is allowed to cross the right of way below such approaches as herein before stated, such change will be prevented, to the prejudice of your orator.

"11. Your orator alleges that the defendant, the Harrisburg and Mechanicsburg Electric Railway Company, is without authority of the law to enter upon your orator's location and right of way described in paragraph 4 of this bill, and to construct, maintain and operate its railroad upon or across the same or any part thereof, and that such construction, maintenance and operation will be a continuing trespass upon your orator's said land, and will work irreparable injury thereto, and will occasion damage to your orator susceptible of estimation by conjecture only, and not by any accurate standard, and will be an invasion of your orator's rights in the same."

The injunction awarded by the Supreme Court was to restrain the Harrisburg and Mechanicsburg Electric Railway Company from crossing the right of way of the Cumberland Valley Railroad Company as attempted by the former on October 12, 1894, and as was meditated at the time the bill of the plaintiff was filed, to wit: on October 29, 1894, and not to enjoin the construction and operation of the road of the said Harrisburg and Mechanicsburg Electric Railway Company as now located and operated on a public highway. The track complained of in the original bill has been torn up and the roadway then proposed, abandoned.

The determination of the Supreme Court was to the effect that the right of way of the Cumberland Valley Railroad could not be crossed by the Harrisburg and Mechanicsburg Electric Railway Company, defendant, except upon a street or public highway.

The writ of injunction issued by the prothonotary on January 27, 1897, contained an unwarranted recital as to the route of the said Harrisburg and Mechanicsburg Electric Railway Company, because the said recital was not in accordance with the averments in the bill of complaint, nor with the route of the defendant existing at the time the said bill was filed, but the said recital of the route has reference to an amendment made thereto on October 9, 1895, a period of nearly one year after the bill was filed, and it was not therefore the basis of decree made by the Supreme Court. The route so amended could not have been considered by the said Court because it was not the one complained of by the plaintiff, and in reference to which an injunction was prayed for. Nor did the writ of injunction issued as aforesaid on January 27, 1897, fix any time within which or at which the injunction should take effect. Nor was the requisite indorsement made upon the same to justify an application to enforce the same by attachment.

Since the decree of the Supreme Court, the said Harrisburg and Mechanicsburg Electric Railway Company has moved its tracks from the side of the public highway, on which the same was located, into the center thereof so that every part and parcel thereof lies upon the public highway where the right of the Cumberland Valley Railroad Company is crossed.

Your respondents represent and aver that they are in no way disobeying the decree and injunction of the Supreme Court of Pennsylvania, or of your honorable court, nor have they disobeyed the same, nor has the Harrisburg and Mechanicsburg Electric Railway Company or its officers and employees disobeyed any decree or injunction of the said Supreme Court or of your honorable court, nor are they now nor have they been in contempt in failing to comply with any such decrees or injunction.

They therefore pray that the rule granted on June 8, 1897, may be discharged at the costs of the petitioner, and they will ever pray, etc.

BIDDLE, P. J., filed the following opinion:

[Since January 28, 1897, the respondent to the above rule has openly violated the writ of injunction which on that date was served on it under the decree of the Supreme Court. The statement now made in vindication of its course, viz: that the injunction was not intended to apply to the tracks through the western span of plaintiff's viaduct is not correct, and we cannot conceive how the respondent could have been misled on the subject. After mature reflection as to whether a substantial penalty should not be imposed, we have determined to give it at this time the benefit of the slight doubt which exists on the subject.] [1]

[And now, July 13, 1897, it is ordered that the respondent immediately remove the tracks which cross the plaintiff's right of way under the western span of its viaduct mentioned in the pleadings, and otherwise obey the writ of injunction heretofore issued and served upon it, and pay the costs of proceeding. Upon its failure forthwith to do so, an attachment will be issued without further notice, upon application of the plaintiff.] [2]

*Errors assigned* were (1) portion of opinion as above; (2) above order of the court.

*A. G. Miller* and *W. F. Sadler*, for appellant, cited on the question of attachment: Thompson's App., 126 Pa. 367; Howard v. Borough of Olyphant, 181 Pa. 199; Cumberland Val. R. R. v. Harrisburg, etc., Ry., 177 Pa. 155; Beach on Injunctions, sec. 268; Freeman v. Deming, 4 Edw. Ch. 598; Doyle v. Com., 107 Pa. 20.

*Edw. B. Watts* and *John Hays*, for appellee.

OPINION BY MR. JUSTICE GREEN, May 9, 1898:

The contention of the defendant that the route of the railway has been changed since the former decision was made, and is now laid on the bed of a public highway where it crosses the plaintiff's land is not sustained. The learned court below in its fifth and sixth findings of fact declared as follows: "5. Prior to the time the bill was filed, the defendant surveyed the route

for its railway under the span next to the easternmost one of the plaintiff's viaduct, and had laid a few rails near to the same with the intention of building its line as thus laid out. . . . 6. Shortly before the trial, the route of the railway was changed to run under the westernmost span of the viaduct, on the bed of an old turnpike, now abandoned."

It appears therefore that the whole of this matter was before the court below and this Court when the decree for the injunction was granted. That decree was made for the first time, by this Court on October 6, 1896, and on January 18, 1897, it was ordered by this Court that the record be remitted to the court below for further proceedings. The writ of injunction was not issued until January 27, 1897. The application for an attachment was not made until June 8, 1897, and the answer of the defendant to the plaintiff's petition was filed on June 17, 1897. The opinion of the court below was filed on July 13, 1897, and the matter now alleged as to the change of the bed of the road was then heard and distinctly decided against the defendant. The court said: "Since January 28, 1897, the respondents to the above rule have openly violated the writ of injunction which on that date was served on them under the decree of the Supreme Court. The statement now made in vindication of their course, viz: that the injunction was not intended to apply to the tracks through the western span of plaintiff's viaduct is not correct, and we cannot conceive how the respondents could have been misled on the subject." Thus it will be perceived there was a distinct finding of the court below upon the very fact now set up as to the alleged changed location of the bed of the road after the decree for the injunction was made. It further appears by the answer of the defendant to the plaintiff's petition for an attachment that the present allegation of a removal of the bed of the road from one span of the plaintiff's viaduct to another and different span is not correct in fact. Thus the answer avers " that since the decree of the Supreme Court the said Harrisburg and Mechanicsburg Electric Railway Company has moved its tracks from the side of the public highway on which the same was located into the center thereof, so that every part and parcel thereof lies upon the public highway where the right of the Cumberland Valley Railroad Company is crossed." In the face of this averment of the answer and

the finding of the court it is vain to say that the bed of the defendant's road had been removed to another span of the viaduct since the injunction was awarded. On the oral argument in this court defendant's counsel, being asked what actual change had been made in the location of the railway track after the injunction was granted, replied that it had been moved about two feet nearer the center of the roadway. We do not consider that the allegations now made that the railway track had been moved into and was now laid upon, the bed of a public highway in actual use as such, is at all sustained. In the original answer to the plaintiff's bill it was described as "the New Cumberland road now vacated," and the tenor of the testimony was to the same effect. The depositions taken under the rule for the attachment do not show that there was any change as to the subject of contention from the matter contested on the trial of the merits.

Decree affirmed and appeal dismissed at the cost of the defendant.